**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

FRANKLIN L. JACKSON                                                                       PLAINTIFF

v.                                         4:07CV00796 SWW/JTR

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration[1]                                                              DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

This recommended disposition has been submitted to United States District Judge Susan Webber Wright. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

**RECOMMENDED DISPOSITION**

Plaintiff, Franklin L. Jackson, has appealed the final decision of the Commissioner of the Social Security Administration denying his claim for Disability Insurance Benefits ("DIB"). Both parties have filed Appeal Briefs (docket entries #5 and #6), and the issues are now joined and ready for disposition.

---

[1]Michael J. Astrue was sworn in as the Commissioner of Social Security on February 12, 2007. He is therefore substituted for Jo Anne B. Barnhart pursuant to Fed.R.Civ.P. 25(d)(1).

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion,[2] "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision." *Shannon v. Chater*, 54 F.3d 484, 486 (8th Cir. 1995).

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005).

In his Disability Report (Tr. 66-74), Plaintiff alleged that he was limited in his ability to work by a "back injury, back surgery, diabetes, gout, and ulcers." (Tr. 66.) After conducting an administrative hearing during which Plaintiff and a vocational expert testified, the Administrative Law Judge ("ALJ") concluded that Plaintiff had not been under a disability, within the meaning of the Social Security Act, at any time through January 22, 2007, the date of her decision. (Tr. 14.) On July 20, 2007, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making it the final decision of the Commissioner. (Tr. 2-4.) Plaintiff then filed his Complaint initiating this appeal. (Docket entry #1.)

Plaintiff was 51 years old at the time of the administrative hearing and a high school graduate. (Tr. 178.) His past relevant work consisted of a job as a team shift coordinator in a human development center. (Tr. 13, 67, 179-86.)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process. Step 1 involves a determination of whether the claimant is involved in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i) (2006). If the claimant is, benefits are

---

[2]*Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

denied, regardless of medical condition, age, education, or work experience. *Id.* at § 404.1520(b).

Step 2 involves a determination, based solely on the medical evidence, of whether the claimant has an impairment or combination of impairments which significantly limits claimant's ability to perform basic work activities, a "severe" impairment. *Id.*, § 404.1520(a)(4)(ii). If not, benefits are denied. *Id.*

Step 3 involves a determination, again based solely on the medical evidence, of whether the severe impairment(s) meets or equals a listed impairment which is presumed to be disabling. *Id.*, § 404.1520(a)(4)(iii).[3] If so, and the duration requirement is met, benefits are awarded. *Id.*

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity, despite the impairment(s), to perform the physical and mental demands of past relevant work. *Id.*, § 404.1520(a)(4)(iv). If so, benefits are denied. *Id.*

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience. *Id.*, § 404.1520(a)(4)(v). If so, benefits are denied; if not, benefits are awarded. *Id.*

The ALJ found that Plaintiff: (1) had not engaged in substantial gainful activity since his alleged onset date (Tr. 11); (2) had a "severe" combination of impairments, including central bulging of a disc at L5-S1, herniation at L4-L5 (status post disc excision), degenerative disc disease, and osteoarthritis secondary to gout[4] (*id.*); (3) had two impairments that were not "severe," diabetes mellitus and high blood pressure (*id.*); (4) did not have an impairment or combination of impairments that met or equaled a Listing (Tr. 12); (5) was not entirely credible concerning the intensity, persistence, and limiting effects of his symptoms (Tr. 13); (6) retained the RFC for a wide range of light work (Tr. 12); (7) was unable to perform his past relevant work (Tr. 13); and (8) was

---

[3]If the claimant's impairments do not meet or equal a Listing, then the ALJ must determine the claimant's residual functional capacity ("RFC") based on all the relevant medical and other evidence. *Id.*, § 404.1520(a)(4). This RFC is then used by the ALJ in his analysis at Steps 4 or 5. *Id.*

[4]The written decision states ". . . osteoarthritis two the degree of gout." (Tr. 11.) This appears to be a scrivener's error.

able to perform jobs that existed in substantial numbers in the national economy. *Id.* Thus, the ALJ concluded that Plaintiff was not disabled. (Tr. 14.)

In his Appeal Brief, Plaintiff contends that the ALJ erred: (1) in determining his RFC; (2) by not finding that he was disabled pursuant to Rule 201.14 of the Medical-Vocational Guidelines; (3) by asking a flawed hypothetical; (4) by disregarding his complaints of pain; and (5) by incorrectly deciding that other jobs that Plaintiff could perform existed in significant numbers. For the reasons explained below, the Court concludes that each of these arguments is without merit.

First, Plaintiff contends that the ALJ erred in determining his RFC. (*Pltf.'s App. Br.* at 9-12.) While Plaintiff makes the conclusory assertion that his treating physician restricted him to no prolonged sitting or standing (*Pltf.'s App. Br.* at 11), he does not cite to anything in the record to support this alleged restriction. A claimant's failure to cite to the record to support an argument is a waiver of the argument.

> [W]e see no reason to abandon the settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones. As we recently said in a closely analogous context: "Judges are not expected to be mind[]readers. Consequently, a litigant has an obligation 'to spell out its arguments squarely and distinctly,' or else forever hold its peace."

*United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990), *cert. denied*, 494 U.S. 1082 (1992)(citations omitted); *accord, Vandenboom v. Barnhart*, 421 F.3d 745, 750 (8th Cir. 2005) (rejecting out of hand conclusory assertion that ALJ failed to consider whether claimant met Listings because claimant provided no analysis of relevant law or facts regarding Listings); *Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994) (perfunctory complaint fails to frame and develop issue sufficiently to invoke appellate review); *Hartmann v. Prudential Ins. Co. of America*, 9 F.3d 1207, 1212 (7th Cir. 1993) (failure to press a point, even if mentioned, and to support it with proper argument and authority forfeits it) (Posner, C.J.); *SEC v. Thomas*, 965 F.2d 825, 827 (10th Cir. 1992) (it is obligatory that appellant claiming error as to factual determination provide court with essential references to record to carry burden of proving error); *Leer v. Murphy*, 844 F.2d 628, 635 (9th Cir.

1988) (issues raised in brief which are not supported by argument are deemed abandoned).

Nevertheless, the Court has reviewed the medical evidence to determine if there is any support for this contention. No doctor restricted Plaintiff's sitting or standing. On July 27, 2005, Edward H. Saer, III, a surgeon, performed a laminotomy on Plaintiff in which he removed the disc at L4-5 left. (Tr. 133-34.) He repeatedly advised Plaintiff to walk and exercise. (Tr. 127-37, 161-67.) On October 24, 2006, Plaintiff complained of back discomfort which was aggravated by sitting or standing for long periods of time. (Tr. 161.) Dr. Saer noted that Plaintiff should return in two weeks if he was still symptomatic. *Id.* He did not return.

Slightly more than two weeks after his surgery, Plaintiff reported that his back was doing well and that he had no back pain. (Tr. 165.) By September 8, 2005, he was doing "much, much better." (Tr. 164.) He was standing erect and walking well, range of motion was good, and straight leg raising was negative. *Id.* Dr. Saer noted that he expected Plaintiff to continue to improve. *Id.* Plaintiff had run out of Vicodin[5] and had just been taking Tylenol for pain. *Id.* By April 2006, Plaintiff was walking three miles before his back bothered him. (Tr. 162.)

Plaintiff's argument seeks to place the burden of proof on the Commissioner. It is the claimant's burden - not the Social Security Commissioner's - to prove the claimant's RFC. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Masterson v. Barnhart*, 383 F.3d 731, 737 (8th Cir. 2004); *Baldwin v. Barnhart*, 349 F.3d 549, 556 (8th Cir. 2003); *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *Young v. Apfel*, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995). Thus, the Court concludes that substantial evidence supported the ALJ's RFC determination.

Second, Plaintiff contends that the ALJ should have looked to Rule 201.14 of the Medical-Vocational Guidelines which would have directed a finding that he was disabled. (*Pltf.'s App. Br.* at 12-13.) Rule 201.14 applies only to individuals with a maximum sustained work capability

---

[5]Vicodin, hydrocodone bitartrate and acetaminophen tablet, is indicated for the relief of moderate to moderately severe pain. PHYSICIANS' DESK REFERENCE 510 (62nd ed. 2008).

limited to sedentary work. Table No. 1, Appendix 2, Subpart P, Regulations No. 4. The Court has recommended that the ALJ's finding that Plaintiff was limited to light work be upheld. Thus, the Court finds this argument to also be without merit.

Third, Plaintiff contends that the ALJ's hypothetical question was flawed because it did not include Dr. Saer's restriction on prolonged standing or prolonged sitting. (*Pltf.'s App. Br.* at 13-14.) As previously discussed, Dr. Saer did not restrict Plaintiff's sitting or standing. Thus, the hypothetical question posed to the vocational expert was proper. Substantial evidence supported the ALJ's inclusion of certain impairments and the exclusion of others. *See Stout v. Shalala*, 988 F.2d 853, 855 (8th Cir. 1993) (hypothetical may omit evidence not substantially supported by record as a whole); *Rappoport v. Sullivan*, 942 F.2d 1320, 1323 (8th Cir. 1991) (hypothetical question need only include impairments accepted by ALJ as true).

Fourth, Plaintiff argues that the ALJ erred in disregarding his complaints of pain. (*Pltf.'s App. Br.* at 14-15.) However, a review of the ALJ's decision makes it clear that she did not disregard Plaintiff's complaints of pain. Rather, she determined that his statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely credible. (Tr. 13.) While the ALJ did not cite *Polaski*, she did cite 20 C.F.R. § 404.1529 and Social Security Ruling 96-7p.[6] (Tr. 12.) Social Security Ruling 96-7p tracks *Polaski* and 20 C.F.R. § 404.1529(c)(3) and

---

[6]  20 C.F.R. § 404.1529(c)(3) (2006) provides the following:

Factors relevant to your symptoms, such as pain, which we will consider include:
(i) Your daily activities;
(ii) The location, duration, frequency, and intensity of your pain or other symptoms;
(iii) Precipitating and aggravating factors;
(iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
(v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
(vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
(vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

elaborates on them.

There is little objective support in the record for Plaintiff's claim of disability. No evaluations showed medical conditions that were disabling. Furthermore, inconsistencies between the medical evidence and Plaintiff's subjective complaints of pain gave reason to discount those complaints. *Richmond v. Shalala*, 23 F.3d 1141, 1443 (8th Cir. 1994). Given the inconsistencies in Plaintiff's statements, the lack of medical evidence in support of Plaintiff's allegations, the type of medications taken, the lack of more treatment for lengthy periods of time, Plaintiff's daily activities, his functional capabilities and the lack of restriction placed on Plaintiff by his physicians, the ALJ could rightly discount Plaintiff's subjective complaints. *See, e.g., Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (ALJ may discount subjective complaints if there are inconsistencies in the record as a whole); *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001) (ALJ may discount complaints inconsistent with the evidence as a whole); *Dodson v. Chater*, 101 F.3d 533, 534 (8th Cir. 1996) (after full consideration of all evidence relating to subjective complaints, ALJ may discount complaints if there are inconsistencies in evidence as a whole). In particular, a failure to seek aggressive treatment is not suggestive of disabling back pain. *Barrett v. Shalala*, 38 F.3d 1019, 1023 (8th Cir. 1994); *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir. 1988).

Thus, the Court concludes that the ALJ's credibility analysis was proper. She made express credibility findings and gave her reasons for discrediting Plaintiff's subjective complaints. *E.g., Shelton v. Chater*, 87 F.3d 992, 995 (8th Cir. 1996); *Reynolds v. Chater*, 82 F.3d 254, 258 (8th Cir. 1996); *Hall v. Chater*, 62 F.3d 220, 224 (8th Cir. 1995). Her credibility findings are entitled to deference as long as they are supported by good reasons and substantial evidence. *Gregg v. Barnhart*, 354 F.3d 710, 714 (8th Cir. 2003).

Finally, Plaintiff argues that substantial evidence did not support the ALJ's determination that there were other jobs in the national and state economy that he could perform. (*Pltf.'s App. Br.* at 15-16.) In response to the ALJ's hypothetical question, the vocational expert testified that one

---

20 C.F.R. § 404.1529(c)(3) (2006).

Case 4:07-cv-00796-SWW Document 8 Filed 06/25/08 Page 8 of 9

job that the hypothetical individual could perform was pharmacy technician, with 267,000 jobs in the nation and approximately 2,370 in the state. (Tr. 211-21.) He testified that another job would be security guard, with approximately 994,220 positions in the United States and 6,240 in Arkansas. (Tr. 212.) A third job would be file clerk I or II, with 230,000 jobs nationwide and 1,950 in the state. *Id.* A fourth job would be teacher's aide, with 105,000 jobs in the United States and 722 in Arkansas. (Tr. 213.)

In determining if "work exists in significant numbers," the Eighth Circuit has provided the following guidance:

> A judge should consider many criteria in determining whether work exists in significant numbers, some of which might include: the level of claimant's disability; the reliability of the vocational expert's testimony; the reliability of the claimant's testimony; the distance claimant is capable of traveling to engage in the assigned work; the isolated nature of the jobs; the types and availability of such work, and so on. The decision should ultimately be left to the trial judge's common sense in weighing the statutory language as applied to a particular claimant's factual situation.

*Jenkins v. Bowen*, 861 F.2d 1083, 1087 (8th Cir. 1988) (*quoting Hall v. Bowen*, 837 F.2d 272, 275 (6th Cir. 1988)); *Johnson v. Chater*, 108 F.3d 178, 180 (8th Cir. 1997). While there is no bright line drawn for determining when "work exists in significant numbers," the Court does find it instructive that 500 jobs were a legally sufficient significant number in *Jenkins, supra. See Long v. Chater*, 108 F.3d at 188 (650 jobs in state significant number); *Johnson v. Chater*, 108 F.3d at 180 (200 jobs in Iowa significant number); *Nix v. Sullivan*, 744 F.Supp. 855, 863 (N.D. Ill. 1990) (675 jobs significant number), *aff'd*, 936 F.2d 575 (7th Cir. 1991); *see also Allen v. Bowen*, 816 F.2d 600, 602 (11th Cir. 1987) (174 jobs).

Ultimately, the determination of this issue must rest on a common sense evaluation of the "significant numbers requirement" as it relates to the particular facts in each case. *Hall v. Chater*, 109 F.3d 1255, 1259 (8th Cir. 1997); *Long v. Chater*, 108 F.3d at 188. The Court finds, based on the record in this case, that there is substantial evidence of a significant number of jobs available in the national and state economy that Plaintiff can perform.

It is not the task of this Court to review the evidence and make an independent decision.

Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

After reviewing the entire record, the Court concludes that it contains ample evidence that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also, Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Court further concludes that the ALJ's decision is not based on legal error.

IT IS THEREFORE RECOMMENDED that the final decision of the Commissioner be affirmed and Plaintiff's Complaint be dismissed, with prejudice.

DATED this 25th day of June, 2008.

_____
UNITED STATES MAGISTRATE JUDGE